John E. Pollino, (OSB No. 925202)
jpollino@ghrlawyers.com
Breanna L. Thompson, (OSB No. 154370)
bthompson@ghrlawyers.com
Travis A. Merritt, (OSB No. 195857)
tmerritt@ghrlawyers.com
GARRETT HEMANN ROBERTSON P.C.
P.O. Box 749
Salem, Oregon 97308-0749
Tel: (503) 581-1501
Fax: (503) 581-5891

Special Assistant Attorneys General for Defendants: Heidi Miller, Michelle Davies FNP, Warren Roberts MD, and C. Coffey BSN, RN

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| DALE ALAN BARTON,<br><br>Plaintiff,<br><br>vs.<br><br>ANDREW L. BOWER MD, HEIDI MILLER, MICHELLE DAVIES FNP, WARREN ROBERTS MD, and C. COFFEY BSN, RN,<br><br>Defendants. | No. 6:24-CV-140-CL<br><br>**DEFENDANTS HEIDI MILLER, MICHELE DAVIES FNP, WARREN ROBERTS, MD, AND C. COFFEY, BSN, RN'S ANSWER AND AFFIRMATIVE DEFENSES**<br><br>**JURY TRIAL DEMANDED** |

Defendants Heidi Miller, FNP, Michele Davies FNP, Warren Roberts MD, and C. Coffey BSN, RN, hereinafter ("State Defendants"), by and through their attorneys John E. Pollino, Breanna L. Thompson, and Travis A. Merritt, answer plaintiff Dale Alan Barton's ("Plaintiff") Complaint as follows:

\ \

1.

State Defendants admit that this Court has jurisdiction related to the 42 U.S.C. § 1983 claim pursuant to 28 U.S.C. §§ 1331, 1341 (a)(3), and 1343(a)(4).

2.

State Defendants admit that Plaintiff was an Adult in Custody at Coffee Creek Correctional Facility ("CCCF"), Eastern Oregon Correctional Institution ("EOCI"), Columbia River Correctional Institution, Oregon State Penitentiary ("OSP"), and Santiam Correctional Institution ("SCI"),. Plaintiff has been incarcerated since April 21, 2021, and was incarcerated at all times relevant to this Complaint. United State District Court, District of Oregon, Eugene Division is the proper divisional venue.

3.

At all times relevant to the Complaint, State Defendants admit that Heidi Miller was a nurse manager at OSP. At all times relevant to the Complaint, State Defendants admit that Michele Davies was a Nurse Practitioner at OSP, and Warren Roberts, M.D. was the Medical Director of the ODOC. At all times relevant to the Complaint, State Defendants admit that C. Coffey was the Medical Services Manager at OSP. Defendants lack sufficient information to admit or deny the remaining allegations pertaining to the parties and therefore deny the same.

4.

State Defendants admit Plaintiff received medical care while incarcerated. The medical records are writings that speak for themselves. To the extent the allegations in Plaintiff's Compliant deviate from the writings, they are denied. State Defendants expressly deny that any medical care provided was negligent, or that any State Defendant acted with deliberate indifference.

5.

To the extent the Complaint makes further factual allegations, State Defendants lack sufficient information to admit or deny the allegations, and therefore deny the same.

6.

Except as expressly admitted to herein, Defendants deny each and every allegation in the Complaint.

7.

Defendants demand a jury trial.

**FIRST AFFIRMATIVE DEFENSE**
**(PLRA Failure to Exhaust—§1983 Claim)**

8.

State Defendants assert all provision of the Prison Litigation Reform Act ("PLRA") to Plaintiff's Claims, including the provision regarding exhaustion of all administrative remedies as set forth at 42 U.S.C. § 1997e.

**SECOND AFFIRMATIVE DEFENSE**
**(Qualified Immunity—§1983 Claim).**

9.

State Defendants allege that at all times relevant to Plaintiff's Complaint, they were acting in good faith and within their discretion pursuant to the laws and the statutes of the State of Oregon and the United States, and their conduct violated no "clearly established law" statutory or constitutional rights of which a reasonable official would have knowledge.

\\

## THIRD AFFIRMATIVE DEFENSE
### (Statute of Limitations)

10.

State Defendants allege that some or all of Plaintiff's claims are barred by the applicable statute of limitations.

## FOURTH AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

11.

Some or all of Plaintiff's claims fail to state a claim upon which relief can be granted. Specifically, Plaintiff affirmatively alleges none of the State Defendants acted under color of state law, which is a *prima facie* element to the sole claim under § 1983.

## FIFTH AFFIRMATIVE DEFENSE
### (Sovereign Immunity)

12.

The State of Oregon is immune from Suit in federal court and entitled to sovereign immunity from Plaintiff's claims. Oregon Department of Corrections and the State of Oregon decline to waive their sovereign immunity in this suit.

## SIXTH AFFIRMATIVE DEFENSE
### (Eleventh Amendment Immunity)

13.

The Eleventh Amendment bars all or some of Plaintiff's claim against the State of Oregon and the individually named Defendants.

\\

## SEVENTH AFFIRMATIVE DEFENSE
### (Oregon Tort Claims Act)

14.

With respect to Plaintiff's state or common law claims, State Defendants assert all provisions of the Oregon Tort Claims Act to such claims, including but not limited to, the provisions requiring timely and proper tort claim notice.

## EIGHTH AFFIRMATIVE DEFENSE
### (Comparative Fault)

15.

Some or all of Plaintiff's claims are the result of actions or inactions by Plaintiff and/or others.

## NINTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

16.

Plaintiff's claims are barred in whole or in part by Plaintiff's failure to mitigate any or all of his damages.

## TENTH AFFIRMATIVE DEFENSE
### (ORS 30.650)

17.

For Plaintiff's negligence claim, ORS 30.650 requires that in order to receive an award for non-economic damages, a plaintiff must prove they suffered economic damages.

## ELEVENTH AFFIRMATIVE DEFENSE
### (ORS 31.740)

18.

Plaintiff has improperly plead punitive damages, and punitive damages are not available against certain health practitioners.

## RESERVATION OF AFFIRMATIVE DEFENSES

19.

Defendants reserve the right to assert additional defenses, affirmative or otherwise, that may become known through the exchange of discovery.

WHEREFORE, State Defendants pray for judgment as follows:

(a) That Plaintiff's Complaint be dismissed against State Defendants with prejudice;

(b) State Defendants be awarded their reasonable costs and disbursements; and

(c) For such other relief as the Court deems just and proper.

DATED October 2, 2024.

ELLEN ROSENBLUM
ATTORNEY GENERAL
FOR THE STATE OF OREGON

_____
John E. Pollino, (OSB No. 925202)
jpollino@ghrlawyers.com
Breanna L. Thompson, (OSB No. 154370)
bthompson@ghrlawyers.com
Travis A. Merritt, (OSB No. 195857)
tmerritt@ghrlawyers.com
Special Assistant Attorneys General for Defendants: Heidi Miller, Michelle Davies FNP, Warren Roberts MD, and C. Coffey BSN, RN

# CERTIFICATE OF SERVICE

I hereby certify that I caused to be served the foregoing **DEFENDANTS HEIDI MILLER, MICHELE DAVIES FNP, WARREN ROBERTS, MD, AND C. COFFEY, BSN, RN'S ANSWER AND AFFIRMATIVE DEFENSES** on the date indicated below,

☒ Via First-Class Mail with postage prepaid
☐ Via Facsimile Transmission
☒ Via Electronic Filing Notice
☐ Via Email
☐ Via Hand Delivery
☐ Via Overnight Delivery

to the following person(s) a true copy thereof, contained in a sealed envelope (if other than by facsimile transmission), addressed to said person(s) at their last known addresses indicated below:

Dale Alan Barton
SID: 7890081
Oregon State Penitentiary
2605 State Street
Salem, OR 97310-0505
Plaintiff Pro Se

DATED October 2, 2024.

ELLEN ROSENBLUM
ATTORNEY GENERAL
FOR THE STATE OF OREGON

_____
John E. Pollino, (OSB No. 925202)
jpollino@ghrlawyers.com
Breanna L. Thompson, (OSB No. 154370)
bthompson@ghrlawyers.com
Travis A. Merritt, (OSB No. 195857)
tmerritt@ghrlawyers.com
Special Assistant Attorneys General for Defendants: Heidi Miller, Michelle Davies FNP, Warren Roberts MD, and C. Coffey BSN, RN

CERTIFICATE OF SERVICE:
*Barton v. Bower et al.*