John E. Pollino, (OSB No. 925202)
jpollino@ghrlawyers.com
Breanna L. Thompson, (OSB No. 154370)
bthompson@ghrlawyers.com
Travis E. Merritt, (OSB No. 195857)
tmerritt@ghrlawyers.com
GARRETT HEMANN ROBERTSON P.C.
P.O. Box 749
Salem, Oregon 97308-0749
Tel: (503) 581-1501
Fax: (503) 581-5891

   Special Assistant Attorneys General for Defendants
   Heidi Miller & Michelle Davies, FNP

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| DALE ALAN BARTON, | Case No. 6:24-CV-140-CL |
| Plaintiff, | **STATE DEFENDANTS' RESPONSE OPPOSING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT** |
| vs. | |
| ANDREW L. BOWER, MD, HEIDI MILLER, MICHELLE DAVIES, FNP, & WARREN ROBERTS, MD, | |
| Defendants. | |

Defendants Heidi Miller, and Michelle Davies, FNP ("State Defendants") though counsel Breanna L. Thompson, and Travis A. Merritt of Garrett Hemann Robertson PC provide the following Response opposing Plaintiff's Motion for Leave to Amend his Complaint pursuant to FRCP 15(a).

/ / / /

/ / / /

/ / / /

## I. RESPONSE

**A. Plaintiff's motion should be denied as it would prejudice all Defendants.**

Federal Rule of Civil Procedure 15(a) creates a liberal policy in favor of granting leave to amend "to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). Rule 15(a)(2) provides that courts "should freely give leave" to amend, but only "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court provided the following factors to guide application of Rule 15: in the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given." *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962). "Not all factors merit equal weight," and prejudice is considered the "touchstone of the inquiry under rule 15(a)." *Good Clean Love, Inc. v. Epoch NE Corp.*, No. 6:21-cv-01294-AA, 2025 US Dist LEXIS 96785, at *2 (D Or May 21, 2025) quoting: *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (internal quotation marks and citations omitted).

Under LR 15, "[a] copy of the proposed amended pleading that shows—through redlining, underlining, strikeouts, or other similarly effective methods—how the amended pleading differs from the operative or superseded pleading *must be attached* as an exhibit to… a motion for leave to file the amended pleading…" *Local Rule 15-1(B)*. Defendants are, by default, prejudiced as it is entirely unclear based on the content of Plaintiff's motion what his proposed amendments to his complaint are. Plaintiff indicates that "a rewrite" would be mostly "minor changes" but also states that it would include an ordered chronology of events and non-events. ECF No. 89. No further details are provided and Defendants are left to guess what may be included in any amended complaint.

////

"Plaintiff['s] failure to provide the Court a redlined, underlined, or strikeout copy of the proposed amendments as required by LR 15-1(b), alone, warrants denial of Plaintiffs' motion." *Pastrana v. City of Portland*, No. 3:24-cv-00587-AB, 2025 US Dist LEXIS 159518, at *5 (D Or Aug. 18, 2025); *Sanderl v. St. Charles Health Sys., Inc.*, No. 6:23-cv-01745-MK, 2024 US Dist LEXIS 96287, at *13 (D Or May 10, 2024) ("It appears to this Court that Plaintiffs do not believe rules apply to them.") (striking Plaintiff's amended complaint for failure to comply with LR 15-1(b)). Defendants will be prejudiced by Plaintiff's unknown amendment, which he has failed to share with any party in this case, and failed to adequately describe in his motion. Defendants are unduly prejudiced from being able to defend, as Defendants are being put in a position where they have no idea what new claims, allegations, or other changes Plaintiff plans for a potential second amended complaint. This would blatantly prejudice all Defendants if a blanket amendment which Plaintiff is seeking were to be allowed. State Defendants respectfully request the court to deny Plaintiff's motion.

**B. Plaintiff has failed to demonstrate good cause for his unknown planned amendment.**

Plaintiff has had access to his medical records for months in this case and has had a prior opportunity to amend his complaint, which he did on January 27, 2025. ECF No. 63. The deadline to file an amended complaint in this case came and went on February 28, 2025. ECF No. 62. The most recent Order granting Plaintiff's MOET did not include an extension of this deadline. ECF No. 83. "Where a motion to amend is filed after the deadline in the scheduling order has lapsed, the moving party 'must first show good cause for amendment under Rule 16(b), then, if good cause be shown, the party must demonstrate that amendment was proper under Rule 15.'" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992) (citation and internal quotations omitted), *Johnson v. Garrett*, No. 3:20-cv-01935-JR, 2023 US Dist LEXIS 124758, at *3-4 (D Or Mar. 15, 2023). Pursuant to Rule 16, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the

diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. Plaintiff's motion makes no effort to make a showing of what good cause may exist for a modification of the deadline for him to amend his complaint, in addition to failing to explain what amendment he is proposing. Moreover, the "failure to seek modification of the scheduling order standing alone provides sufficient basis to deny" a motion to amend under these circumstances. *Roller v. Herrera*, No. 3:18-cv-00057-JR, 2019 US Dist LEXIS 225861, at *7 (D Or May 30, 2019) citing: *Liss v. Exel Transp. Servs. Inc*., No. CIV-04-2001-PHX-SMM, 2008 U.S. Dist. LEXIS 121382, 2008 WL 65609, at *1 (D. Ariz. Jan. 3, 2008).

Given Plaintiff's failure to explain any good faith basis for his motion, as well as the prejudice to all Defendants in being able to defend against unknown additional allegations, State Defendants respectfully request the court to deny Plaintiff's motion.

## II.  CONCLUSION

For the reasons stated above, State Defendants request this court deny Plaintiff's motion for leave to file an amended complaint with unknown proposed changes.

DATED this 18th day of September, 2025.

                      DAN RAYFIELD
                      ATTORNEY GENERAL
                      FOR THE STATE OF OREGON

                      *s/ Breanna L. Thompson*
                      John E. Pollino, (OSB No. 925202)
                      jpollino@ghrlawyers.com
                      Breanna L. Thompson, (OSB No. 154370)
                      bthompson@ghrlawyers.com
                      Travis E. Merritt, (OSB No. 195857)
                      tmerritt@ghrlawyers.com
                      Special Assistant Attorneys General for Defendants
                      Heidi Miller & Michelle Davies FNP

# CERTIFICATE OF SERVICE

I hereby certify that I caused to be served the foregoing **STATE DEFENDANTS' RESPONSE OPPOSING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT** on the date indicated below,

☒ Via First-Class Mail with postage prepaid to Plaintiff Barton
☐ Via Facsimile Transmission
☒ Via Electronic Filing Notice to Defendants
☐ Via Email
☐ Via Hand Delivery
☐ Via Overnight Delivery

to the following person(s) a true copy thereof, contained in a sealed envelope (if other than by facsimile transmission), addressed to said person(s) at their last known addresses indicated below:

Dale Alan Barton
SID: 7890081
Oregon State Penitentiary
2605 State Street
Salem, OR 97310-0505
Plaintiff Pro Se

Jennifer K. Oetter, (OSB No. 953728)
Jennifer.Oetter@lewisbrisbois.com
Lewis Brisbois Bisgaard & Smith, LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Phone: (971) 712-2809
Fax: (971) 712-2801
Of Attorneys for Defendant
Andrew L. Bower, MD

Jennifer A. Street, (OSB No. 052419)
Email: street@gswlaworegon.com
Glascock Street Waxler, LLP
6720 S Macadam Ave Ste 125
Portland, Oregon 97219
Phone: (503) 501-5430
Fax: (503) 501-5626
Of Attorneys for Defendant
Warren Roberts, MD

DATED this 18th day of September, 2025.

DAN RAYFIELD
ATTORNEY GENERAL
FOR THE STATE OF OREGON

*s/ Breanna L. Thompson*
_____
John E. Pollino, (OSB No. 925202)
jpollino@ghrlawyers.com
Breanna L. Thompson, (OSB No. 154370)
bthompson@ghrlawyers.com

CERTIFICATE OF SERVICE:
*Barton v. Bower et al.*

Travis E. Merritt, (OSB No. 195857)
tmerritt@ghrlawyers.com
Special Assistant Attorneys General for Defendants
Heidi Miller & Michelle Davies FNP